NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, Plaintiff—Appellee,

v.

Ruth L. OWENBY, Defendant—Appellant.

In re: Ruth L. Owenby, Debtor,

Ruth L. Owenby, Appellant,

v.

National Union Fire Insurance Company of Pittsburgh, PA, Appellee.

No. 00–55909, 01–56389.

D.C. No. CV–99–11267–TJH.

D.C. No. CV–00–01098–CRM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2002.

Decided July 15, 2002.

Before HALL, SILVERMAN and RAWLINSON, Circuit Judges.

MEMORANDUM *

This consolidated appeal involves two underlying actions on a debt owed by Ruth Owenby, an attorney, to the National Union Fire Insurance Company of Pittsburgh ("National Union"). Owenby actually owes several debts to National Union, one of which was the basis for a federal default judgment in the latter's favor in New York in 1987. Since obtaining that judgment, National Union has attempted unsuccessfully to collect on the funds owed it in California. Owenby now claims that those efforts must stop because they are time-barred under California's ten-year statute of duration and appeals one district court's denial of her motion to recall and quash a writ of execution obtained by National Union and vacate a related levy on her bank accounts. Owenby also appeals the order of another district court affirming a bankruptcy judgment finding the debts she owes to National Union nondischargeable. Because we agree that National Union reasonably relied on false representations

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

made to it by Owenby, and also find that the adversary action in bankruptcy resulting in the nondischargeability judgment was an "action on a judgment" starting a new ten-year period for enforcement in California, we affirm the rulings of the two district courts below, but vacate an order to remit funds related to an account containing partnership assets.

## I.

■ Owenby first appeals Judge Moreno's order affirming the bankruptcy court's holding that her debts to National Union are nondischargeable. The bankruptcy court held the debts non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B) because Owenby had provided false financial information to National Union in order to obtain its agreement to act as her surety. We have described Section 523(a)(2)(B) as setting forth seven elements that must be proved by a preponderance of the evidence:

(1) a representation of fact by the debtor,

(2) that was material,

(3) that the debtor knew at the time to be false,

(4) that the debtor made with the intention of deceiving the creditor,

(5) upon which the creditor relied,

(6) that the creditor's reliance was reasonable,

(7) that damage proximately resulted from the representation.

*In re Siriani,* 967 F.2d 302, 304 (9th Cir. 1992).

Owenby argues that the bankruptcy court committed clear error by dismissing her evidence that it was actually her securities broker who filled out the form supplying her financial information to National Union and by imputing to her an intent to deceive. The record shows that the financial statement is signed "Ruth L. Owenby," and the signature appears to match other documents signed by her. Owenby admitted to having signed documents in connection with the investment after discussing her financial information with the broker. While she claims that she signed the documents given to her while she was "in a hurry," as a member of the California Bar, Owenby was fully educated about the legal significance of signing formal documents including an avowal of accuracy. The bankruptcy court did not clearly err in concluding from these facts that Owenby signed the financial statement with the requisite intent.

Owenby has also not shown that the bankruptcy court erred in determining on the totality of the circumstances that National Union's reliance on her financial statement was reasonable. *In re Lansford,* 822 F.2d 902, 904 (9th Cir.1987). Owenby materially inflated her net worth on the financial statement and reported assets that she did not in fact own. At the same time, she certified that the information on her financial statement was true and that she had sufficient assets to cover the note. Because she intentionally misled National Union on the financial statement, we view with disfavor her claim that it was not reasonable for National Union to rely on it. *Id.*

The record does not show that National Union was given reason to disbelieve the financial statement. The inconsistencies that Owenby identifies as "red flags" on appeal are specious. Her listing of "notes receivable" as $5,000 was not inconsistent with a lack of prior income on notes because notes receivable represent future expected income rather than past income. The amount of her reported investments over the prior five years was not inconsistent with her reported income which was $120,000, $205,000, and $300,000, over the

prior three years, rather than the $80,000, $120,000, and $120,000 claimed in her brief. In any case, National Union had no reason to assume recent personal income was Owenby's sole source of funds for her reported investment. Owenby's reported investment activity was also not inconsistent with her reported lack of dividend, real estate, or "other" income, because she listed ownership of real estate valued at $400,000, and this was the obvious basis for the claimed investment activity. The financial statement reported that real estate did not generate any income.

The other "red flags" identified by Owenby were also not sufficient to find clearly erroneous the determination that National Union reasonably relied on the financial statement. Failure to report a personal accountant in the space provided for such information is of no relevance because National Union had no reason to presume that Owenby had such an accountant. Failure to provide bank information is of some relevance because it does indicate that the financial statement was incomplete. However, this failure did not indicate that the financial information that Owenby did provide was unreliable. Had National Union attempted to contact a bank without specific authorization to ascertain account balances, it would not likely have been given such information. Under these circumstances, it does not follow from a failure to provide a bank name or address that an applicant is attempting to hide the fact that she has inflated her reported assets.

Finally, although Owenby urges us to rule that it is unreasonable as a matter of law to rely on a submitted statement of finances without conducting an independent investigation when a lender has had no prior dealings with a potential borrower, this Circuit has never adopted such a bright line rule and has specifically disfavored it. *See id.; In re Candland,* 90 F.3d 1466, 1470–71 (9th Cir.1996). We do not adopt it now.

## II.

■ Owenby next argues that California's statutory period for enforcing judgments, which is governed by its "statute of duration" codified at Cal.Civ.Proc.Code § 683.020, was begun by an alleged but undocumented December 20, 1988 registration of the New York judgment against her in the Central District of California pursuant to 28 U.S.C. § 1963. In the alternative, she claims that National Union's obtaining of an abstract of judgment from the court clerk on January 20, 1989 began the enforcement period. Since National Union's 1999 registration of the same judgment and the associated writ and levy on her bank assets occurred more than ten years after either of those dates, she argues that they were unlawful. National Union does not directly deny the original registration or that the period specified by California's statute of duration has run from that date. Rather it argues that its adversary action in bankruptcy for exemption from discharge and the 1999 registration were both actions brought within the period of California's separate statute of limitations which created new ten-year periods for enforcement.

The bankruptcy court's nondischargeability order provided a sufficient basis for enforcement of the New York judgment debt in California. In both California and federal district courts, an out of state judgment holder who wishes to enforce that judgment in state may bring a so-called action on a judgment to do so. *See* 18 Moore's Federal Practice §§ 130.01, 130.30 (Matthew Bender 3d Ed.); 47 Am.Jur.2d Judgments § 944 (1994); *In re Professional Air Traffic Controllers Organization,* 699 F.2d 539, 544 (D.C.Cir.1983); *Pratali*

*v. Gates* 4 Cal.App.4th 632, 637, 5 Cal. Rptr.2d 733 (Cal.Ct.App.1992); *Green v. Zissis* 5 Cal.App.4th 1219, 1222, 7 Cal. Rptr.2d 406 (Cal.Ct.App.1992). Under California law, which governs the enforcement and timing of such actions, the right to bring an action on a prior judgment is expressly recognized by Section 683.050 of California's Code of Civil Procedure, and the time for bringing such an action is tied to California's statute of limitations rather than its statute of duration. Cal.Civ.Proc. Code § 683.050. The ten-year statute of limitations for actions on a judgment provided by California Civil Procedure Code Section 337.5 is not coterminous with the ten-year period in the statute of duration. Cal.Civ.Proc.Code § 683.050 L.Rev. Comm. Comment.

An action on a judgment is the "customary way" to secure enforcement of an out of state judgment. Restatement (Second) of Judgments § 18 cmt. f (1982). The doctrine that a judgment creates its own cause of action is an entirely practical legal device, the purpose of which is to facilitate the goal of securing satisfaction of the original cause of action. *See* 47 Am.Jur.2d Judgments § 945. In combination with the doctrine of "merger," whereby a cause of action is said to merge with a judgment upon it such that only the judgment survives as a basis for further litigation, the doctrine also provides a bar against attempts to opportunistically relitigate the same cause of action. *See Restatement (Second) of Judgments,* § 18 cmt. b (1982).

California has placed no particular limits on what may qualify for an action on a judgment beyond the inherent requirements of prosecution in an independent lawsuit and the fact that the process must necessarily involve a judge with proper jurisdiction who issues a judgment recognizing the validity of an out of state judgment. The nondischargeabilty action and

judgment in this case satisfied those requirements. The adversary proceeding qualified as an "action" under California law. *See* Cal. Civ. Pro.Code. § 22. Owenby had notice of the action and an opportunity to be heard and present evidence. The nondischargeability judgment also entailed the necessary recognition of the New York Judgment. As this Circuit recently recognized, "there are two distinct issues [a bankruptcy court considers] in the dischargeability analysis: first, the establishment of the debt itself... and, second, a determination as to the nature of that debt." *In re Banks,* 263 F.3d 862, 868 (9th Cir.2001). In this case, establishment of the debt required recognition of the validity of the New York Judgment. Finally, the bankruptcy judgment explicitly recognized the New York Judgment as part of the basis for the debt it found not dischargeable and affirmatively authorized National Union to pursue recovery on that debt.

National Union's adversary action in bankruptcy was also timely as an action on the earlier judgment. The New York Judgment became final on December 23, 1987. National Union's complaint to the bankruptcy court based on that judgment was filed on March 17, 1997. It thus fell within the ten year tollable period for bringing such actions established by Section 337.5.

Owenby also raises Sections 1710.55 of the California Civil Procedure Code as a separate bar on enforceability. These claims are misplaced. On its face Section 1710.55 governs actions in California rather than federal courts and is limited to actions to enforce the judgments of other state courts. Cal.Civ.Proc.Code § 1710.10(c).

Because the bankruptcy court's nondischargeability ruling was an action on a judgment commencing its own ten-year en-

forcement period, we do not reach National Union's alternative claim that it re-registered the New York Judgment in 1999. Even assuming arguendo that the judgment was not validly re-registered and that the writ of execution could not properly be issued on the registration, we would still affirm the district court's denial of Owenby's motion to recall and quash the writ and vacate the levy. Because the nondischargeability order provided a valid basis on which to levy assets in order to satisfy the debt to National Union, the fact that the writ was issued on the 1999 registration rather than the nondischargeability order was at most harmless error. Fed. R.Civ.P. 61.

### III.

The parties have agreed that one of the bank accounts at Bank of America which was levied, account # 023344–10217, is an account containing funds from a law partnership in which Owenby and her son are the sole and equal partners. Cal.Civ.Proc. Code § 708.310; Cal. Corp.Code § 16504. After learning that one of the levied accounts was a partnership account, National Union obtained a charging order from the district court, and the court then ordered what appears to be fifty percent of the account remitted to National Union.

Owenby claims that this order reflects two legal errors. First she claims that National Union is not entitled to fifty percent of the account because it may only charge her share of profits and any distributions and may not otherwise touch partnership assets. Second, Owenby claims that part of her interest in the partnership account is subject to exclusion as "earnings" exempted under Sections 704.070(b)(2) and 706.051(b) of the California Civil Procedure Code.

Owenby correctly asserts that the only transferable interest of a partner in a part-

nership is the partner's share of profits and the right to receive distributions. Cal. Corp.Code §§ 15026, 16503. A partner's right in specific partnership property is not subject to enforcement on a money judgment, except on a claim against the partnership. *See* Cal. Corp.Code §§ 15025, 16504. A partner's "interest in the partnership," which constitutes profits and the right to distributions, is subject to such enforcement. Cal.Civ.Proc.Code § 708.310.

Having scrutinized the record, we can not determine the nature of the funds in account # 023344–10217 or whether the district court considered whether they were partnership assets, or monies for the personal use of Owenby and her son. We therefore vacate the district court's order to remit $2,684.61 to National Union and remand for it to determine the nature of the assets and, at its discretion, to remit that portion representing Owenby's profits and distributions.

Since we can not determine the nature of the funds in the partnership account, we do not reach Owenby's claim that they are exempt as the "earnings" of an "employee" under California Civil Procedure Code Sections 704.070(b)(2) and 706.051(b).

### CONCLUSION

For the foregoing reasons, the judgment of the district court in Case. No. 01–56389 affirming the bankruptcy court's order of nondischargeability is AFFIRMED. The district court's order in Case No. 00–55909 denying Owenby's Motion to Recall Execution and Quash Levy in Case No. 00–55909 is also AFFIRMED. The district court's order to remit $2,684.61 is VACATED and the case is REMANDED for the court to determine the nature of the funds in account # 023344–10217, and the amount that may be charged as Owenby's share of

profits as well as to take any other actions consistent with this judgment.